UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Amin Omar Yusuf,

Petitioner/Plaintiff,

v.

Civil No. 01-1046 RHK/RLE
**MEMORANDUM OPINION AND ORDER**

Curtis J. Aljets, INS District Director,

Respondent/Defendant.

---

Barton C. Winter, Birchwood, Minnesota, for Plaintiff.

Mary Jo Madigan, Assistant U.S. Attorney, Minneapolis, Minnesota, for Defendant.

---

## Introduction

Before the Court is the Plaintiff's Petition for Writ of Habeas Corpus and Motion for a Temporary Restraining Order. Following a hearing on this matter, the Court determined that it did not have subject matter jurisdiction over Plaintiff's Motion for a Temporary Restraining Order. The Court reserved the issue of whether it could entertain a Petition for Writ of Habeas Corpus.

## Background

### I. Factual Background

In support of his Petition for Habeas Corpus the Plaintiff has submitted an affidavit containing the following information:

Plaintiff is a native of the Tummaal clan in Somalia, which is a minority clan in

FILED JUN 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Somalia. (Pet. for Writ of Habeas Corpus at 43 (Aff. of Amin Omar Yusuf, dated June 7, 2001) ("Habeas Pet.").) In 1991, Plaintiff was living in Mogadishu when the Somalian government at the time collapsed and a majority clan, the Hawiye, took control of Mogadishu. (Id.) The majority clan proceeded to terrorize the minority clans. (Id.) Plaintiff's uncle was murdered in the streets of Mogadishu, and Plaintiff fled to Ethiopia. (Id.) From Ethiopia he traveled to Kenya and, sometime in September 1991, arrived in New York, New York, as an undocumented alien. From there he took a bus to Canada, where he lived for five years before being deported by the Canadian government back to the United States. (Id.) Following his arrival in Buffalo, New York, Plaintiff made his first claim for asylum.

## II. Procedural Background

The following facts are taken from the record of the United States, Department of Justice, Immigration and Naturalization Service ("INS") (hereinafter "R. at ___"):

On September 18, 1996, Plaintiff reentered the United States from Canada. (R. at Ex. L.) On the date of his reentry, Plaintiff told the INS inspector that his name was "Mohamed Talarer Ahmed." (Id.) Plaintiff was fingerprinted and given an "Order to Show Cause and Notice of Hearing" before an Immigration Judge. (Id.) The Order did not set a place and time for the hearing, but informed Plaintiff that a notice would be sent

to the address he provided.[1] (Id.) Plaintiff was then allowed to enter the United States. (Id.)

On March 31, 1998, Plaintiff filed his first application for asylum with the INS in Buffalo, New York, under the name Mohamed Talarer Ahmed. (R. at Ex. N.) Plaintiff stated in his application that, were he to return to Mogadishu, he would be killed by the Hawiye clan. (Id.) On December 3, 1998, by Order of an immigration judge, Plaintiff's application for asylum was denied, and was ordered to voluntarily depart the United States by January 3, 1999. (R. at Ex. Q.) Plaintiff was advised that, if he did not voluntarily leave, an order of deportation would be issued to either Somalia or Ethiopia. (Id.) The Order provided that Plaintiff's right to appeal was reserved and that he had until January 4, 1999, to file an appeal with the Board of Immigration Appeals ("BIA"). (Id.) Plaintiff did not appeal the immigration judge's decision and did not voluntarily depart the United States. On January 15, 1999, a Warrant of Removal/Deportation was issued for "Mohamed Talarer Ahmed."[2] (R. at Exs. E and S.)

On or about April 28, 1999, Plaintiff filed a second application for asylum with the INS in San Diego, California. (R. at Ex. D.) This time, Plaintiff filed under the name

---

[1] The record does not indicate whether a hearing was ever scheduled.

[2] Exhibits E and S appear to be identical warrants for Plaintiff's deportation. Exhibit S, however, is for the removal of "Mohamed Talarer Ahmed aka: Amin Omar Yusuf," while exhibit E is for the removal of "Mohamed Talarer Ahmed." Presumably, the name of Amin Omar Yusuf was added to the warrant in exhibit S after the initial warrant was issued.

"Amin Omar Yusuf." (Id.) The INS initially recommended approval of Plaintiff's application pending further investigation and the results of Plaintiff's scheduled fingerprint appointment. (R. at Ex. C.) On March 6, 2001, the INS revoked its preliminary approval on the grounds that it found "material inconsistency(ies)" in his testimony. (Id.) Specifically the INS noted the following: " Your testimony and application stated that you had been in Kenya from February of 1991 until traveling to the United States in March of 1999. However, your background investigation indicated that you had been placed in deportation proceedings under the name Mohamed Talarer Ahmed (A74 733 433) at Buffalo, New York on September 18, 1996, and granted voluntary departure by a[n] immigration judge on December 3, 1998." (Id.) The letter of cancellation provided that his application could still be considered by an immigration judge if he appeared before the immigration judge in Bloomington, Minnesota, on May 8, 2001.[3] (R. at Ex. B.)

Because the Warrant of Removal/Deportation for Mohamed Talerer Ahmed from January 15, 1999, was still in effect, the INS wrote to the immigration judge in Bloomington, Minnesota, requesting that Plaintiff's second application for asylum be dismissed. (R. at Ex. E.) When Plaintiff appeared for his hearing on May 8, 2001, before the immigration judge, his attorney told him that the INS had requested that his application be dismissed and that he be taken into custody. Before any further action

---

[3] Plaintiff is living in Rochester, Minnesota, at this time.

could be taken on Plaintiff's second application, he left the hearing. The immigration judge dismissed Plaintiff's application on motion of the INS, and marked his claim for asylum and application for withholding of removal under Article III of the Convention Against Torture ("CAT") as "abandoned."[4] (R. at Ex. F.) The immigration judge's order provided that Plaintiff was required to appeal before June 7, 2001. (Id.)

On June 7, 2001, Plaintiff mailed a Notice of Appeal and Notice of Motion to Reopen to the Board of Immigration Appeals in Virginia. On June 8, 2001, Plaintiff hand delivered a copy of these motions to the Board of Immigration Appeals in Bloomington, Minnesota. (R. at Ex. K.) The Notice of Appeal was not received by the Board. Consequently, on June 13, 2001, the Board denied the Notice of Motion to Reopen because there was no appeal pending.[5] (R. at Ex. K-2.)

On June 4, 2001, the INS located Plaintiff at this residence in Rochester, Minnesota, and took him into custody. Plaintiff's deportation date is currently scheduled for Saturday, June 16, 2001. On June 12, 2001, Plaintiff filed the instant motions in an effort to stay his deportation. On June 14, 2001, the government filed a responsive

---

[4] Shortly after abandoning his hearing, Plaintiff married Toni Leah Mohamed in Rochester, Minnesota, on May 30, 2001. (Am. Habeas Pet at 42.)

[5] At the hearing, Terry Louie, Counsel for the INS, stated that the Notice of Appeal was untimely because it had not been received by the Board by June 7, 2001. Had the appeal been timely, however, the INS would have automatically stayed Plaintiff's deportation. The undersigned cautioned the INS that, before it deported Plaintiff, the Board should issue an order denying the appeal as untimely, thereby resolving the issue of the automatic stay prior to Plaintiff's deportation.

memorandum in opposition to Plaintiff's motions. A hearing was held on June 14, 2001. Counsel for both parties were present, as well as the Plaintiff, who was in the custody of the INS.

**Analysis**

**I. Temporary Restraining Order**

At the hearing, the Court determined that it did not have subject matter jurisdiction to hear Plaintiff's Motion for a Temporary Restraining Order pursuant to Section 242(g) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1252(g), which provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or <u>execute removal orders</u> against any alien under this chapter.

(emphasis added). None of the exceptions referenced in § 242(g) apply in this case. Accordingly, this section clearly precludes this Court's review of the decision by the INS to execute Plaintiff's removal order.

**II. Writ of Habeas Corpus**

This Court has previously held that § 242(g) of the INA does not divest it of jurisdiction to hear an alien's writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Gavilan-Cuate v. Yetter</u>, 94 F. Supp. 2d 1039, 1042 (D. Minn. 2000) (Montgomery, J.). At the hearing on this matter, however, counsel for the government informed the Court that, on June 12, 2001, Plaintiff filed a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 with the Eighth Circuit. Section 2241 gives "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" the power to grant a writ. 28 U.S.C. § 2241. In an effort to avoid duplicative proceedings, this Court will stay its adjudication of the writ until the Eighth Circuit either rules on the merits of the writ or declines to entertain it and refers the application for hearing and determination to this Court pursuant to 28 U.S.C. § 2241(b).

**Conclusion**

Accordingly, based upon all of the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion for a Temporary Restraining Order is **DENIED**, and Plaintiff's Petition for a Writ of Habeas Corpus is **STAYED**.

June 15, 2001

RICHARD H. KYLE
United States District Judge