UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Amin Omar Yusuf,

Petitioner/Plaintiff,

v.

Curtis J. Aljets, INS District Director,

Respondent/Defendant.

Civil No. 01-1046 RHK/RLE

**MEMORANDUM OPINION AND ORDER**

---

Barton C. Winter, Birchwood, Minnesota, for Plaintiff.

Mary Jo Madigan, Assistant U.S. Attorney, Minneapolis, Minnesota, for Defendant.

---

Before the Court is the Plaintiff's Petition for Writ of Habeas Corpus. On June 12, 2001, Plaintiff filed a Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order with this Court in an effort to stay his deportation, which was scheduled for June 16, 2001. A hearing was held on June 14, 2001, to address Plaintiff's claims. Counsel for both parties were present, as well as the Plaintiff, who was in the custody of the INS. On June 15, 2001, the undersigned issued a Memorandum Opinion and Order concluding that it did not have jurisdiction to rule on Plaintiff's Motion for Temporary Restraining Order and staying Plaintiff's Petition for Writ of Habeas Corpus pending the Eighth Circuit's ruling on Plaintiff's motion before it for an extraordinary writ.

FILED JUL 06 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED JUL 06 2001
DEPUTY CLERK'S INITIALS

Since that date, the Court has been informed that the Eighth Circuit denied Plaintiff's extraordinary writ and Plaintiff was deported on June 16, 2001, as scheduled. Accordingly, Plaintiff's Petition for Habeas Corpus is moot, as he is no longer in the custody of the INS.

Based upon all of the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Petition for a Writ of Habeas Corpus is **DENIED AS MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

July 6, 2001

RICHARD H. KYLE
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUL 06 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995